UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


EDMOND HALL,

    Plaintiff

v.                             Civil Action No. 2:04-0585

LIBERTY MUTUAL
FIRE INSURANCE COMPANY
and MAX BELLARD

    Defendants


AND


JOSEPH L. WEILAND II,

    Plaintiff

v.                             Civil Action No. 2:04-0586

LIBERTY MUTUAL
FIRE INSURANCE COMPANY
and MAX BELLARD

    Defendants


MEMORANDUM OPINON AND ORDER


       This matter is before the court on plaintiffs' motion for partial summary judgment on medical payments coverage, filed April 22, 2005. Defendants filed on September 19, 2005, a

supplemental memorandum in opposition, to which plaintiffs responded on September 23, 2005.  A reply brief was filed by defendants on October 3, 2005.

The relevant facts are set forth in the court's order dated September 9, 2005.  Plaintiffs assert that they are entitled to medical payments benefits in the amount of $1000 apiece under a homeowner's policy of insurance issued by defendant to Alice Motley.  That policy provides:

> Coverage F – Medical Payments to Others
>
> We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an injury causing "bodily injury."  Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services.  This coverage does not apply to [the insured] or regular residents of [the insured's] household except "residence employees."  As to others, this coverage applies only: . . .
>
> 2. To a person off the "insured location" if the "bodily injury":
>
>    a. Arises out of a condition of the "insured location" or the ways immediately adjoining; [or]
>    b. Is caused by the activities of an "insured"; . . .

(Policy at 11, attached as Exh. A to Pl. Mem.)

On May 28, 2004, each plaintiff signed a release as a condition of the settlement of his underlying claims.  The signed documents show that, in exchange for the consideration of $16,000, each plaintiff consented to:

> hereby forever release, acquit and discharge Alice K. Motley and Junior Collins and all their successors, assigns, subrogees, masters, principals, heirs, agents, attorneys, administrators, receivers, independent contractors, <u>insurers</u>, reinsurers, partners, servants, employees, subsidiaries, partner or affiliated corporations or divisions, predecessors or successors in interest, as well as all other persons, firms or corporations with whom the persons or entities released hereby have been, are now, or may hereafter be affiliated of and from any and all liability, claims, demands, controversies, damages, actions, causes of action, of every kind and character whatsoever, including expenses heretofore or hereafter incurred, which [plaintiff] may now or hereafter have, directly or indirectly <u>in any manner arising from or to arise out of damages or loss of any kind or nature whatsoever, sustained by them as the result of the alleged personal injuries and damages</u> which are the subject of that certain civil action which is pending in the Circuit Court of Kanawha County, West Virginia, styled ". . . Plaintiff v. Alice K. Motley, et al."

(Release, attached as Exh. 8 to Def. Supp. Mem., emphasis supplied.)  Though plaintiffs in those release documents expressly reserved their rights to pursue bad faith and West Virginia Unfair Trade Practices Act claims against defendants, each Hall and Weiland stated that he

3

> conveys and agrees that he will never
> institute in the future any complaint, suit,
> action, or cause of action in law or in
> equity against the Releasees . . . for or on
> account of damage, loss, injury or expense
> hereinbefore referred to, whether such
> injury, damage, loss or expense is known or
> unknown, past, present or future, related to
> that certain civil action which is pending in
> the Circuit Court of Kanawha County, West
> Virginia.

(Id.)  Defendants argue that plaintiffs have released any claims they have to medical payments coverage by executing these documents.  Plaintiffs contend that the releases apply only to tort claims arising out of the underlying accident, and that they are, in fact, asserting "contractual medpay coverage claims against Liberty Mutual" resulting from Liberty Mutual's failure to inform them of the availability of medical payments benefits. (Pl. Resp. to Def. Supp. Mem. at 5.)  They "do not dispute the [applicability of the releases] to [p]laintiffs' tort claims against the individual [d]efendants."  (Pl. Resp. To Def. Supp. Mem. at 7.)

In its order dated September 9, 2005, the court explained that plaintiffs could not maintain first-party bad faith actions against defendants because plaintiffs are not "policyholders" who bargained for the benefit of insurance. (Order at 20-23.)  The same rationale bars plaintiffs from

4

asserting contract claims, because they never could have claimed entitlement to medical payments benefits under the Motley policy. That is, plaintiffs are not in privity of contract with Liberty Mutual.[1]  Thus, plaintiffs could benefit from the proceeds of the insurance policy only through their tort claims against Alice Motley that have now been released.  The West Virginia Supreme Court has stated its general rule that "in the absence of policy or statutory provisions to the contrary, one who suffers injury which comes within the provisions of a liability insurance policy is not in privity of contract with the insurance company, and cannot reach the proceeds of the policy for the payment of his claim by an action directly against the insurance company."  DeVane v. Kennedy, 519 S.E.2d 622 at 634 (W.Va. 1999); Robinson v. Cabell Huntington Hosp., Inc., 498 S.E.2d 27 at 31-32 (1997)(quoting 46A C.J.S. Insurance § 1407, at 277 (1993) (footnote omitted)).

     Moreover, though plaintiffs suggest that defendants "did not discuss medpay coverage . . . before settling the claims

---

[1] The rule in West Virginia is that "in order for a contract concerning a third party to give rise to an independent cause of action in the third party, it must have been made for the third party's sole benefit."  Casto v. Dupuy, 515 S.E.2d 364 at 368 (W.Va. 1999)(citations omitted)(emphasis supplied).

5

of . . . Motley's tort liability," it seems that there is no reason for their ignorance of that benefit under the policy. Plaintiffs have said that they first learned of the existence of the coverage in February 2005 (see court's order dated April 22, 2005, at 11-13), but it would have been apparent upon receipt and review of the policy declarations that medical payments coverage was available. Plaintiffs, having had the opportunity to conduct discovery in the underlying case, should have been fully apprised of the policy provisions, including that for Coverage F. In fact, the declarations page was provided to plaintiffs on April 20, 2004, more than one month prior to plaintiffs' signing of the releases. (Id.)

It is accordingly ORDERED that plaintiffs' motion for partial summary judgment on the issue of medical payments coverage be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: November 21, 2005

John T. Copenhaver, Jr.
United States District Judge

6